991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank SANDERS, Jr., Plaintiff-Appellant,
v.
Joseph W. SMITH, Correctional Officer; David Hazelwood,
Lt., Defendants-Appellees.
 No. 92-6351.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals a district court summary judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Frank Sanders contended that his six-day confinement in administrative segregation at the Kentucky State Penitentiary ("KSP") violated his rights of due process and that conditions were unlawful under the Eighth Amendment. He alleged that, following a disturbance at his regular cell, he was moved to a cell that lacked running water and adequate ventilation and was infested with roaches at night. Defendants are a corrections officer and a Lieutenant at KSP. Sanders requested monetary, declaratory and injunctive relief.
 
 
 3
 Upon review, we conclude that summary judgment was proper because there exist no genuine issues of material fact and defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 Defendants are entitled to judgment as a matter of law on Sanders's Eighth Amendment claim. The alleged conditions of confinement, while unpleasant, did not deprive him of "the minimal civilized measure of life's necessities." See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991).
 
 
 5
 Defendants also are entitled to judgment on Sanders's due process claim. In the absence of a statute or prison regulation creating such an interest, a prisoner has no liberty interest in freedom from placement in a more secure cell for disciplinary reasons. Hewitt v. Helms, 459 U.S. 460, 467-68 (1983). In support of his due process claim, Sanders contended that a liberty interest was created by a prison regulation which provides for placement in maximum lockdown for prisoners who present a threat to the safety and security of the institution. To the extent the regulation is deemed to create a liberty interest, the procedures to which Sanders is entitled are minimal: an informal, nonadversary review of the information support his confinement, including any statement Sanders wished to submit, within a reasonable time after placing him in the more secure cell. See Hewitt, 459 U.S. at 472; Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987).
 
 
 6
 Review of the record shows that Sanders received all the process he was due. The placement was authorized following review of a written behavior problem report. Sanders pursued his institutional remedies. His argument that no misconduct charges were filed lacks merit. Neither due process nor the prison regulations require the filing of formal charges to support placement in maximum lockdown.
 
 
 7
 Sanders also argues on appeal that he has been denied his personal property, including legal materials, the assistance of a legal aide and access to the law library. These claims were presented to the district court in support of Sanders's request for appointment of counsel. Moreover, the district court did not abuse its discretion by denying the request for counsel. See Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.), cert. denied, 474 U.S. 1036 (1985).
 
 
 8
 Accordingly, the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.